Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Florian L. Woolensack *v.* Presbyterian-University Hospital and The Hartford Accident & Indemnity Company, Appellants.

Argued March 5, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Fred C. Trenor,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellants.

*Alexander J. Pentecost,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, March 19, 1976:

This is an appeal from a Workmen's Compensation Appeal Board's decision affirming a referee's grant of workmen's compensation benefits for total disability to the claimant, Florian L. Woolensack.

The appellee, Woolensack, sustained a lumbosacral sprain as the result of an accident in his employment as a plumber by a Pittsburgh hospital. He filed for benefits under The Pennsylvania Workmen's Compensation Act.[1] After hearings, a referee awarded him compensation for total disability. The hospital and its insurer appealed to the Workmen's Compensation Appeal Board, which, without taking additional testimony, affirmed. This appeal by the hospital and its insurer followed.

The issues presented by the appellants are (1) whether the authorities erred in ruling that the employer failed to carry its burden to prove that work other than that in which the claimant was engaged when injured was available to him, imposed by *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968), (2) whether the authorities capriciously disregarded evidence that lighter work which the appellee could do was available, and (3) whether the appellee presented sufficient competent evidence that he could not perform such lighter work.

The claimant testified in chief that he was totally unable to work because of his persistently painful back and that he sometimes required emergency treatment by a chiropractor, who, incidentally, did not testify. Woolensack's treating physician testified that the claimant could not perform his former duties as a plumber but that he could do other types of "selected jobs, if he were able to find such to do."

In its case, the appellants introduced the report of its examining physician that the appellee suffered "partial

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

permanent disability of his body as a whole (25%)" and that he "has no motivation to get well." They also adduced the testimony of Leon A. Reid, Ph.D., an admittedly well-qualified clinical psychologist familiar both with the claimant's physical condition and with the job market in the greater Pittsburgh area that Woolensack was able to perform light work such as packaging electronic components, glass products and wearing apparel and as a tool clerk or an assembler, and that hundreds of such jobs existed in Allegheny County and Western Pennsylvania. Dr. Reid admitted on cross-examination that if the appellee was required to be treated during working hours he would be unsatisfactory for employment.

Woolensack testified in rebuttal that he at times suffered severe attacks of back pain, and that he was required at times to use crutches and to seek relief by lying on his stomach over a chair.

The referee made only the following pertinent findings:

"SECOND: As a result of the accident, the claimant was totally disabled from January 22, 1971 up to the present time, entitling him to Workmen's Compensation benefits at the rate of $60.00 per week.

"THIRD: That the defendant has failed in his burden of proving that there was lighter work available for the claimant which he could do. But on the contrary, your Referee finds that because of both the medical and lay testimony presented in this case that the claimant has been totally disabled from the date of the accident up to the present time and indefinitely into the future."

The central issue of the case was whether the claimant was totally or partially disabled. Since the claimant's medical evidence, supported to some extent by the employer's, was to the effect that the claimant was able to

do light work, such evidence would, if believed, support a finding that the claimant was only partially disabled, provided the employer carried its burden of proving that work of this nature was available. *Barrett v. Otis Elevator Co., supra.* The appellants produced such evidence by Dr. Reid which, if believed, and if not rebutted, would support a finding of partial disability. *Don-Mark Realty Company v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974). The appellee then testified in rebuttal that he could not do the work described by Dr. Reid. *See Matrunics v. Ruffsdale Coal Co., Inc.,* 6 Pa. Commonwealth Ct. 420, 295 A.2d 629 (1972).

In *Page's Department Store v. Velardi,*    Pa.    , 346 A.2d 556 (1975), our Supreme Court observed:

> "When the fact finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. An appellate court or other reviewing body should not infer from the absence of a finding or a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level. In cases such as the one before us in which essential findings of fact were not made the case must be remanded so that the findings may be supplied."    Pa. at    , 346 A.2d at 561. (Citations omitted.)

We cannot determine from the findings whether the referee believed the appellee and disbelieved the appellee's physician on the point of his ability to do selected light work; whether it disbelieved Dr. Reid's testimony as to the availability of light work; or whether he believed Dr. Reid's testimony as to the availability of such work, but nevertheless believed the claimant's rebuttal testimony that he could not perform these jobs. The finding that

"because of both the medical and lay testimony presented" the claimant has been totally disabled since his accident is unfathomable. The medical testimony is all to the effect that he is partially disabled. We might infer that the referee rejected the medical evidence in favor of the claimant's testimony but, as the Supreme Court has said, this is not our function. Since essential findings are not made we must enter the following:

### ORDER

AND NOW, this 19th day of March, 1976, the record is remanded for findings necessary to resolve the issues raised by the evidence as herein explained.

Judge KRAMER did not participate in the decision of this case.