## Matrunics *v.* Ruffsdale Coal Co., Inc., et al.

Argued September 7, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer and Rogers. Judge Blatt did not participate.

*George H. Thompson,* with him *Karl E. Weise* and *Hirsch, Weise & Tillman,* for appellants.

*Morrison F. Lewis, Jr.,* for appellee.

OPINION BY JUDGE WILKINSON, October 18, 1972:

This appeal from the order of the Workmen's Compensation Board involves the narrow but important question of the burden of the employer, on a Petition To Modify an open compensation agreement, where the employee has recovered medically from a 100% to a 50% disability, to show that work is available. The Referee found that the claimant had made a partial recovery.

"He can do light work of a general nature if the job involves only moderate walking and carrying of objects or where the work involves a handing out of supplies from a storeroom. He could be an elevator operator or watchman and is unable to return to work in the coal mines or work in jobs involving climbing." The sole issue is whether or not the appellants submitted competent evidence that such light work was available.

For this purpose appellants called the manager of the Greensburg office of the State Bureau of Employment Security, the office with jurisdiction over the area in which claimant lives. He testified at length concerning the availability of 14 positions which perhaps claimant could fill. This was followed by testimony of Dr. Botkin, one of the physicians familiar with claimant's condition, that claimant could physically perform and work at nine of the positions which were available in the area.

Claimant did not testify to contradict Dr. Botkin that he could perform the duties of these nine positions. Indeed, the Referee found as a fact, as quoted above, that he could perform the duties of a "watchman" and a position of "security guard" was available.

Notwithstanding the above testimony, the Referee and the Board found that appellants had failed to meet the burden of proving the availability of light work which the claimant could perform. The Board expressly stated that appellants made an "admirable" attempt to comply with the requirements of *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A. 2d 891 (1967) and *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968). We find that appellants' admirable effort was successful in meeting the burden as set forth in *Petrone* and *Barrett* and to find otherwise was a capricious disregard of competent evidence by the Referee and the Board.

Justice MUSMANNO in *Petrone* and Justice EAGEN in *Barrett* made it quite clear that what is required is testimony that positions for which claimant is qualified were available, not that one for which has was qualified had been offered to him and rejected. This would be requiring *conclusive* proof and this was expressly rejected by Justice EAGEN in Barrett. We make it clear that appellants' testimony that nine positions for which claimant was qualified were available was not conclusive on him. He could testify, if such were the case, either that he had applied and was rejected or that he was not qualified. If such had been done, then the Referee's and the Board's decision could not be regarded as a capricious disregard of competent testimony. Without it, or any other testimony to explain why these specific positions were not available to claimant, as testified to by appellants' witness, the Referee's and the Board's positions cannot be sustained.

## ORDER

AND NOW, October 18, 1972, the Order of the Workmen's Compensation Board is reversed and the record is remanded to the Board to enter an appropriate Order granting the prayer of the Petition To Modify which reflects a finding of a 50% disability.