## Chamberlain Corporation *v*. Pastellak and Workmen's Compensation Appeal Board.

Argued December 7, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Joseph E. Gallagher,* with him *O'Malley, Morgan, Bour & Gallagher,* for appellant.

*Thomas J. Foley, Jr.,* with him *Ralph P. Needle,* and, of counsel, *Rosser, McDonald, Marcus & Foley,* for appellees.

OPINION BY JUDGE WILKINSON, January 2, 1973:

As a result of an accidental injury occurring on January 27, 1969, claimant-appellee and employer-appellant entered into a Workmen's Compensation Agreement providing coverage for one and two-sevenths (1-2/7ths) weeks. Claimant received a total of $77.14 and executed a final receipt on February 17, 1969.

The present litigation was initiated in April of 1969 when claimant filed a petition for compensation for disability, which has been treated by the Referee and the Workmen's Compensation Appeal Board as a petition to set aside a final receipt. After hearing, the Referee set aside the final receipt and found the claimant to be totally disabled as a result of the injury to his lower back. The Workmen's Compensation Board, however, found that claimant suffered only a partial disability and remanded for a determination of the extent of the disability. An impartial medical expert was appointed to aid in this determination.

At the second hearing, in addition to the testimony of the impartial medical expert, the Referee heard testimony concerning available jobs and offers of employment made to claimant. As a result of this hearing, the Referee concluded that ". . . the claimant is unable to perform any sustained work other than that of a selective or sedentary type which would not involve lift-

ing, bending or stretching", and again awarded total disability because there was no work available which claimant could perform. The employer is appealing from the Board's affirmance of this award.

*Petrone v. Moffat Coal Company*, 427 Pa. 5, 233 A. 2d 891 (1967), and *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968), require that once it is established that the claimant is unable to do the type of work he was engaged in when injured, the employer then assumes the burden of showing that work the claimant is capable of obtaining is available. Appellant here does not contest the Board's determination that the claimant can now perform only light work of a selective nature, but does contend that the burden of showing available work has been met. A careful review of the record convinces us that appellant has indeed met this burden, and the Board has committed an error of law in finding otherwise. Our scope of review, as now set forth in the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, Section 44, 71 P.S. §1710.44, permits reversal when the adjudication is not in accordance with law.[1]

Two employees of the appellant testified at the second hearing on the matter of available work for claim-

---

[1] In passing upon this issue, the Board, in its opinion, stated: "The anemic attempts asserted by the employer to make selective light work available are not of sufficient dignity to cause a cut-off of compensation to this claimant." This indicates that the Board accepted the employer's testimony as true, and there is no denial of it by claimant-appellee, but found the testimony insufficient to meet the burden established by *Barrett*. If the Board had rejected the testimony as not worthy of belief, thereby in effect finding that no evidence of available work was presented, our review would have been somewhat different. Our task then would have been to determine whether such a finding of fact disregarded competent evidence. *See State Workmen's Insurance Fund v. Young*, 2 Pa. Commonwealth Ct. 423 at 427, 276 A. 2d 552 at 555 (1971).

ant. Philip Costanzo, a Personnel Trainee, testified that a job as messenger was available and in fact offered to the claimant during the period from August 1969 through the date of the hearing (August 1971). Robert Coolbaugh, Manager of Industrial Relations, testified that in February, 1970, he offered claimant employment as a messenger or as an elevator operator, suggesting that a stool could be placed in the elevator. In addition, he testified as to the availability of a job involving distribution and collection of tools in the storeroom, a "tool cribber," in which no heavy lifting or prolonged bending is required.

We are cognizant of claimant's experience after he returned to work from February 14 to April 15, 1969, and again from August 25 to September 26, 1969, when he was unable to perform the duties of sweeping floors and cleaning offices. Apparently he attempted a messenger job for a short time that September before leaving work because of his health. Nor do we ignore appellant's telegram to claimant in December of 1969, advising claimant to pursue his remedies under the Workmen's Compensation Act since he was unable to work due to his physical condition. This evidence demonstrates claimant's physical inability to perform jobs assigned to him on his return to work; it does not, except perhaps with regard to the messenger job, demonstrate that claimant would be incapable of performing the work which the employer has shown is available.

The record shows that appellant presented testimony establishing the availability of employment as a tool cribber, elevator operator and messenger. Claimant's evidence shows only that, as of nearly two years *prior* to the hearing, he could not perform work involving sweeping and cleaning (which was never asserted as available work claimant could perform) and he had attempted the messenger job and been unsuccessful. We

think that when an employer presents evidence of available work which the medical testimony indicates the claimant should be able to perform, this is sufficient absent a showing that claimant cannot, in fact, perform the work due to his physical disability, or that he was not qualified in other respects for the employment, or even that he had applied and been rejected. *Matrunics v. Ruffsdale Coal Co., et al.,* 6 Pa. Commonwealth Ct. 420, 295 A. 2d 629 (1972). At least with respect to the positions of elevator operator and tool cribber, therefore, the appellant's burden has been sustained.

We also note that, as resolved by *Matrunics,* the employer need only show the availability of work, not the existence of an actual *offer* of employment. Here the appellant exceeded its necessary burden by establish-

Accordingly, we make the following
ing both.

### ORDER

AND Now, this 2nd day of January, 1973, the Order of the Workmen's Compensation Appeal Board is reversed, and the record is hereby remanded to the Board for a determination of compensation for the claimant based upon the extent of partial disability as determined by the Referee's award of September 8, 1971.