Workmen's Compensation Appeal Board and Stephen Oyenik *v.* Kelly Steel Erectors, Inc. and The Hartford Accident & Indemnity Company, Insurance Carrier, Appellants.

Argued May 7, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Fred C. Trenor, II,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellant.

*Francis J. Carey,* with him *Balzarini, Walsh, Conway & Maurizi,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., June 29, 1976:

Presently before us is the appeal of Kelly Steel Erectors, Inc., and its carrier, The Hartford Accident & Indemnity Company (Appellant) from the opinion and order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision dismissing Appellant's petition to terminate benefits under the compensation agreement to Stephen Oyenik (Claimant). For reasons hereinafter stated, we affirm the Board's order.

In *Workmen's Compensation Appeal Board v. Young,* 18 Pa. Commonwealth Ct. 515, 336 A.2d 665 (1975), we enunciated our standard of review in compensation cases as follows:

"If the party who has the burden of proof prevailed in the administrative process, review by this Court is to determine whether constitutional rights

were violated, an error of law committed or to make certain that necessary findings of fact are supported by substantial evidence . . . but if the decision is against the party carrying the burden of proof, our review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence.'' *Workmen's Compensation Appeal Board v. Young, supra,* 18 Pa. Commonwealth Ct. at 517-18, 336 A.2d at 666.

Further, it is by now all too well settled that the burden is upon the employer bringing the termination petition to show that the disability has ceased or that it is no longer the result of the compensable injury. *Workmen's Compensation Appeal Board v. International Furnace,* 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975). Since the employer did not prevail below, our review is essentially for a capricious disregard of competent evidence.

In this regard, Appellant seeks to challenge the referee's findings of fact nos. six, seven and eight, which state:

''Sixth: The claimant's physician and surgeon, Dr. William J. Mitchell, has, as of the date of the hearing before this Referee, found that the claimant was totally and permanently disabled from doing any type of work.

''Seventh: The claimant has been unable to secure employment, although he has attempted to do so for which he is either trained or educated.

''Eighth: Your Referee finds it a fact that the claimant is totally and permanently disabled from doing any kind of work.''

The Board concluded that findings of fact nos. seven and eight were not necessary to support a dismissal of the termination petition. Appellant argues

that *Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A.2d 668 (1968); *Petrone v. Moffat Coal Company,* 427 Pa. 5, 233 A.2d 891 (1967); and *Matrunics v. Ruffsdale Coal Company, Inc.,* 6 Pa. Commonwealth Ct. 420, 295 A.2d 629 (1972), compel a different conclusion. In essence, those cases held that once there is a showing that Claimant is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to Claimant. Appellant's brief points us to testimony tending to establish both change in total disability (finding of fact no. six) and other work available to Claimant (finding of fact no. seven). But, the short answer to this argument is that based on the credibility determination of testimony of physicians for the employer as well as Claimant, the referee, as affirmed by the Board, concluded that the total and permanent disability persisted up to and including the date of the referee's hearing. Therefore, the only crucial finding of fact was that the disability persisted.

Unlike *Matrunics,* which arose on a petition to modify a compensation agreement where it was clear that the initial 100% disability was now a 50% disability, thus necessitating an inquiry into possible work which could be done by that claimant, we are here presented with a claimant who the referee has concluded is still permanently disabled. No inquiry into available work alternatives need be made in these circumstances.[1]

We therefore hold that our review of the record gives rise to no finding of a disregard of competent evidence in dismissing the termination petition of Appellant. Consistent with the foregoing, we

---

[1] *See generally Borough of Pleasant Hills v. Workmen's Compensation Appeal Board,* 25 Pa. Commonwealth Ct. 311,    A.2d (1976).

## Order

And Now, this 29th day of June, 1976, the order of the Workmen's Compensation Appeal Board dismissing the foregoing termination petition is hereby affirmed.

Judge Kramer did not participate in the decision in this case.