Workmen's Compensation Appeal Board and Ana G. Valadez *v.* Pennsylvania School Boards Association, Appellant.

Argued December 6, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Charles E. Wasilefski*, with him *Hurwitz, Klein, Benjamin & Angino,* for appellant.

*Wallace B. Eldridge, III*, and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, February 15, 1977:

This appeal has been taken by the Pennsylvania School Boards Association (Association) under the provisions of The Pennsylvania Workmen's Compensation Act[1] (Act). A referee's decision, affirmed by the Workmen's Compensation Appeal Board (Board), denied the Association's petition to modify an award of compensation for total disability to Ana G. Valadez (claimant). The Association has argued here that (1) the referee and Board erred in finding that it had failed to meet its burden of showing work was available within claimant's physical limitations and (2) the claimant forfeited her right to compensation by allegedly refusing to undergo vocational rehabilitation.

On September 16, 1971, claimant was awarded compensation for total disability as a result of a work-related accident on August 25, 1969 which caused an injury to her back. According to the testimony of Dr. Litton, claimant's physician, he suggested that claimant obtain some type of light work where there would be periods of rest and no prolonged standing or sitting. At the Association's request, claimant went to Goodwill Industries (Goodwill) in February 1974 for testing, as a prelude to rehabilitation and eventual job placement. She left after a half day and refused to return, although she testified she was seeking voca-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

tional rehabilitation through several other organizations.

On August 21, 1974, the Association filed a petition to modify the award. Based on the testimony of Dr. Litton, who was called by the Association, the referee found that, while claimant had a residual disability of bodily functions as a whole to the extent of 20 to 25 percent, she was employable within the work restrictions set by Dr. Litton.

On the questions of the availability of work for the claimant and her capacity to do such work, the Association presented two witnesses. The program manager at Goodwill, whose only contact with the claimant was a 10- to 15-minute intake interview on the day she went to Goodwill, testified that there was a possibility that claimant could do clerical work. A job-development specialist from Goodwill testified that general office jobs paying between $80 and $120 per week were available within the claimant's limitations. Admitting she had never talked with the claimant, the specialist based her opinion of the claimant's capacity to do this work on Dr. Litton's testimony. When asked for a specific example of a general office job, she stated that because of the confidential nature of the information she would write definite openings on a piece of paper and give it to the referee. When claimant took the stand, she testified that she could only work two or three days at a time and that she spent the balance of the time in bed.

When the employer is the moving party he has the burden of showing that the disability has ended or has been reduced and that (1) work is available to the claimant and (2) claimant is capable of doing such work. *See Parkview Hospital, Inc. v. Workmen's Compensation Appeal Board,* 20 Pa. Commonwealth Ct. 567, 342 A.2d 137 (1975); *Servomation Corp. v. Workmen's Compensation Appeal Board,* 15 Pa. Com-

monwealth Ct. 199, 325 A.2d 344 (1974). Since the decision below was against the party with the burden of proof, the Association, our review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.*, 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976).

To prove that work is available, the employer need not show the existence of an actual offer of employment. *Don-Mark Realty Co. v. Milovec*, 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974); *Matrunics v. Ruffsdale Coal Co., Inc.*, 6 Pa. Commonwealth Ct. 420, 295 A.2d 629 (1972). Through the job-development specialist, the Association presented evidence that jobs were available. However, since it failed to carry its burden with respect to the second requirement, that claimant was *capable* of doing such work, we hold that the referee's finding in this regard was proper.[2]

In deciding whether an employer has met his burden on the question of the claimant's capacity to do other

---

[2] The referee's finding on this point was as follows:

Defendant's [Association's] witnesses testified that . . . jobs are available to this claimant within this claimant's restrictions. However, no specific jobs which were allegedly available to this claimant were brought out in the testimony—only the blanket and vague ascertation [sic] of defendant's witnesses that jobs *within this claimant's restrictions* are available and pay between $80.00 and $100.00 [sic] weekly. It is found that the evidence presented by defendant is insufficient to establish as a fact, with a fair preponderance of the evidence, the availability of work *within this claimant's restrictions.* (Emphasis added.)

Although this finding might be construed as indicating that the Association's failure to show a specific offer was the determining factor, our reading indicates that it also addresses the claimant's capacity to perform the work.

work, the fact-finder must resolve differences in the testimony, and we are bound by his decision. *Parkview Hospital, Inc., supra; Workmen's Compensation Appeal Board v. Universal Cyclops*, 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975); *Servomation Corp., supra.* As Judge WILKINSON stated for this Court in *Matrunics, supra,*

> We make it clear that appellants' testimony that nine positions for which claimant was qualified were available was not conclusive on him [claimant]. *He could testify,* if such were the case, either that he had applied and was rejected or *that he was not qualified.* If such had been done, then the Referee's and the Board's decision could not be regarded as a capricious disregard of competent testimony.

6 Pa. Commonwealth Ct. at 422, 295 A.2d at 630 (emphasis added).

Here, the job-development specialist's testimony that the claimant could do general office work similarly was not conclusive on the claimant. Considering the type of work involved, the weekly salary ($80 to $120), and wage rates in general in 1974, the inference can be fairly drawn that these were full-time positions. The claimant, however, testified that she could only work part time, two or three days per week. Therefore, the referee's acceptance of claimant's testimony over that of the job-development specialist was not error.

Turning to the question of whether the claimant forfeited her right to benefits by allegedly refusing to undergo vocational rehabilitation, the Association's contention is that, since an employee is required to submit to a medical examination if requested to do so[3] and refusal to take an examination or accept

---

[3] Sections 314 of the Act, 77 P.S. §651.

medical or related services will act as a forfeiture of benefits,[4] by analogy, the same requirement should apply to proffered vocational rehabilitation. Since the referee declined to make a finding that claimant had refused rehabilitation training, we need not here decide the question of whether or not claimant has forfeited her right to compensation.

The Association having failed to carry its burden of proof in this modification proceeding, we make the following

ORDER

AND Now, this 15th day of February, 1977, the order of the Workmen's Compensation Appeal Board denying the modification petition and directing Pennsylvania School Boards Association, through its insurance carrier, Pennsylvania Manufacturers' Association Insurance Company, to make payments due on and after July 25, 1974 to the claimant, Ana G. Valadez, is affirmed.

---

[4] Sections 306(f) and 314 of the Act, 77 P.S. §§531, 651.