Interstate System, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charles Bauer, Respondents.

Argued March 3, 1978, before President Judge Bowman and Judges Rogers and DiSalle, sitting as a panel of three.

*P. Brennan Hart,* with him *Fred C. Trenor,* and *Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioner.

*Eric C. Rome,* with him *Ecker, Ecker, Zoffer & Rome,* and *James N. Diefenderfer,* for respondents.

Opinion by Judge DiSalle, May 5, 1978:

This case comes before this Court upon a petition for review of an order of the Workmen's Compensation Appeal Board (Board) dated April 7, 1977. The order affirms a referee's determination dismissing a termination petition filed by Interstate System (Employer) and reinstating compensation benefits to Charles Bauer (Claimant).

The Claimant worked as a truck driver for the Employer for over twenty-two years. His employment responsibilities included hooking and dropping tractor trailers, driving freight to locations within the city and its immediate outlying areas, and personally loading and unloading freight.

On December 20, 1974, while in the course of his employment on premises owned by U.S. Steel Corporation, the Claimant sustained an acute cervical sprain. It was not until January 18, 1975, however, that the injury became disabling. The Claimant and Employer thereafter entered into an agreement whereby the Claimant received total disability compensation benefits of $106.00 per week. The Claimant received compensation at this rate from January 18, 1975, through October 19, 1975.

During this disability period, the Claimant initially received medical treatment from the company physician. After seeing that doctor some thirty-six times without obtaining relief, the Claimant began treating with Dr. Timothy Ivey, an orthopedic surgeon. In addition, the Employer arranged for the Claimant to be examined by a Dr. Norman Minde, who saw him on approximately eight occasions.

On October 15, 1975, Dr. Minde issued a medical report to the Employer which stated:

> When discharged on October 15, 1975, he [Claimant] readily admitted that he could drive. He would have some difficulty with lifting. There was slight extension loss and some tightening of back muscles. . . . This man can be returned to work as a tractor truck driver and readily agreed to it.

Pursuant to this report, the Employer filed a termination petition on October 27, 1975, alleging that the Claimant was able to return to his job as a tractor

trailer driver without physical limitation and without any loss of earning power as of October 15, 1975.

During the hearing before the referee on the petition, the sole testimony presented was that of the Claimant. Subsequent to the hearing, the deposition of Dr. Ivey was also submitted for the referee's consideration, along with the report of Dr. Minde. Upon consideration of this evidence, the referee dismissed the Employer's termination petition and reinstated benefits to the Claimant. This determination was affirmed by the Board on appeal.

The Employer presents two arguments in support of reversing the decision of the Board. It contends that the conclusions reached by the referee and Board are not consistent with the fifth and sixth Findings of Fact and that the determination is in capricious disregard of the evidence.

Findings of Fact numbered 5 and 6 read as follows:

(5) That about the middle of May, 1976, your Referee received the transcript of Dr. Timothy Ivey's deposition, the perusal of which discloses that Dr. Ivey cannot find any objective reasons why the Claimant cannot return to work and that he told him he should try it.

(6) That on May 24, 1976, your Referee received Dr. Norman Minde's report which discloses that, when he discharged him on October 15, 1975, the Claimant readily admitted that he could drive. Dr. Minde also stated that the Claimant would have some difficulty with lifting and that there was slight extension loss and some tightening of back muscles.

The Employer contends that these findings prevent the referee from concluding as he did that:

(a) Defendant's Termination Petition is to be denied [and that]

(b) Defendant has failed to present any evidence, nor is there any evidence in the record, to indicate that the Claimant can do the work he was doing at the time of the accident of December 20, 1974.

Granted that the referee's finding number 5 is inartfully drawn, we do not agree that either of the findings is inconsistent with the dismissal of the Employer's petition. It was the Employer's burden to establish that the Claimant was ineligible for continued compensation because his disability had ceased or that it was no longer the result of a compensable injury. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.*, 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976). It is well settled that it is for the fact-finder to weigh the evidence presented, decide credibility, and resolve conflicts in the testimony.

In response to the question as to whether he believed the Claimant could return to work, Doctor Ivey testified:

A. As I told him, I think he should try it. The pain may come back or may be aggravated, I don't know because I can't find anything. It doesn't mean there is nothing there. . . .

In addition, although Dr. Minde's medical report stated that the Claimant could return to work as a tractor truck driver, it also stated that the Claimant would have difficulty lifting. The record shows that a good portion of Claimant's job was spent loading and unloading his tractor trailer. The Employer did not attempt to create a position for the Claimant which would require driving only, and the referee did not base his determination on such a possibility. Upon a careful examination of the record, we are of the

view that Findings of Fact numbered 5 and 6 are not inconsistent with the referee's conclusions of law.

For the same reason, we are also of the view that the determination in this case is not in capricious disregard of the evidence.

### ORDER

AND Now, this 5th day of May, 1978, the order of the Workmen's Compensation Appeal Board at Docket No. A72255, affirming the denial and dismissal of the Termination Petition filed by Interstate System is hereby affirmed. Judgment is to be entered in favor of Charles Bauer and against Interstate System in the amount of $106.00 per week beginning on October 15, 1975, and continuing indefinitely into the future until Claimant's disability ceases or changes in character or extent within the terms and limitations of The Pennsylvania Workmen's Compensation Act, *as amended*, together with interest at the rate of ten percent (10%) per annum on all deferred payments. It is also ordered that all bills incurred or to be incurred by Charles Bauer as a result of the injury he sustained on December 20, 1974, be paid by Interstate System and that attorneys fees are awarded to Claimant's counsel at the rate of twenty percent (20%) of the award payable to Charles Bauer.