Yellow Cab Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Roland Sisco, Respondents.

Argued June 5, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Charles W. Boohar,* with him, of counsel, *Schnader, Harrison, Segal & Lewis,* for appellant.

*John C. Capek,* with him *Manchel, Lundy & Lessin,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, August 28, 1978:

Yellow Cab Company appeals from a decision of the Workmen's Compensation Appeal Board (Board) awarding Roland Sisco (claimant) compensation for a total disability allegedly resulting from an automobile accident. We remand for a computation of benefits based on a partial disability.

Claimant was employed by Yellow Cab as a driver. On July 24, 1972, while in the course of his employment, claimant was struck from behind by another vehicle and was thereupon thrown backward and forward, striking his head against the windshield. Al-

most immediately, claimant began to experience severe headaches and dizziness. On August 17, 1972, claimant consulted his physician, who diagnosed these symptoms as those of a whiplash injury. On August 25, 1972, claimant "blacked out" at his home and was rushed to the hospital, where Dr. Howard Richter, a neurosurgeon, determined that claimant was suffering from a right parietal subdural hematoma, chronic type. (A hematoma is defined as a "localized mass of . . . blood that is confined within an organ or tissue, a space, or a potential space. . . ." Stedman's Medical Dictionary 559 (22d ed. 1972).)

On August 29, 1972, claimant was taken into surgery where two holes were made in his cranium to drain the hematoma. Claimant's recovery was generally good, but he continued to experience periodic dizziness and occasional lapses of memory. He was therefore advised by Dr. Richter not to resume his job as a cab driver. Claimant has followed this advice and has not attempted to secure any other type of employment.

Hearings on claimant's claim petition were held before a referee. Medical evidence consisted of hospital reports, two letters from Dr. Richter to claimant's attorney, and the deposition of a Dr. Robert A. Groff, neurosurgeon who had examined the claimant at the request of Yellow Cab. It was stipulated by the parties that, if called to testify in person, Drs. Richter and Groff would testify in accordance with the letters and the deposition. Other evidence received by the referee included the testimony of the claimant and the testimony of Mr. Paul Stevens, the owner of a private employment agency, concerning the availability of jobs to one with the claimant's qualifications. At the close of the evidence, the referee found that claimant was totally disabled as a result of the accident on July 24, 1972. This finding

was affirmed by the Board and, after a remand to the referee on an issue not material here, this appeal followed.

Yellow Cab first contends that the medical evidence was not sufficient to support a finding that claimant's subdural hematoma was caused by the accident on July 24, 1972.[1] Dr. Richter, in one of his letters stated only that it was "possible" that the accident caused the hemotoma and that the accident and the accompanying head injury were the "most likely causes." Dr. Groff in his deposition, stated that the accident was "probably" the cause of the hematoma.[2] Under the case law, this medical-opinion evidence was not sufficiently unequivocal to establish the necessary causal connection. *See, e.g., McMahon v. Young,* 442 Pa. 484, 276 A.2d 534 (1971).

However, we believe that this case comes within the rule that, where a claimant's injuries are immediately and directly, or naturally and probably, the result of an accident, the fact-finder is not required to depend upon medical testimony alone, or at all, to find the causal connection. *See, e.g., Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.,* 22 Pa. Commonwealth Ct. 437, 349 A.2d 529 (1975); *Munns v. Easthome Furniture Industries, Inc.,* 193 Pa.

---

[1] It is undisputed that the dizziness and lapses of memory from which the claimant now suffers are residual effects of the hematoma.

[2] In a letter to Yellow Cab's attorney written prior to the taking of his deposition, Dr. Groff stated, "I don't think there is any question that the accident . . . was the responsible trauma for the development of his subdural hematoma. . . ." Unlike Dr. Richter's letters and Dr. Groff's deposition, this letter was not the subject of a stipulation by the parties as to its admissibility, but it was nevertheless admitted into evidence by the referee. As hearsay, this letter is not in itself competent to sustain the finding of a causal connection. *See, e.g., Cody v. S.K.F. Industries, Inc.,* 447 Pa. 558, 291 A.2d 772 (1972).

Superior Ct. 61, 164 A.2d 30 (1960). In *Bethlehem Mines,* a claimant who had suffered a prior back injury was again struck in the back and pinned against a plank for a short time. Upon being released, he complained of back pain but worked the rest of the day and for two or three months thereafter despite persistent back pain. It was subsequently determined that surgery was necessary to remove herniated discs in the claimant's back. In *Munns,* the claimant twisted or sprained her arm while using an air gun and shortly thereafter felt a numbness in her fingers and pain in her palm and shoulder. She nevertheless continued working at her regular job for three months despite persistent pain. When the claimant was thereafter admitted to the hospital, it was discovered that the claimant had a ruptured disc. In neither of the above cases was the treating physician willing to testify unequivocally that the accident had caused the disabling injury, yet compensation was nevertheless awarded because the injuries were of such a nature as to be the natural and probable results of the accidents.

The same is true of the claimant's disability in this case. He was in an accident in which he suffered a head injury. He immediately began to experience dizziness and headaches which persisted until, one month later, he blacked out and surgery was determined to be necessary to drain the hematoma in his head. Under these circumstances, unequivocal medical testimony is not necessary to establish what is apparent from the chain of events, and we agree with the Board that the claimant is entitled to compensation.

We cannot agree, however, that the evidence established a total disability. It is conceded by all parties that claimant can no longer drive a cab and that the burden is therefore upon Yellow Cab to demon-

strate that other work is available which claimant is capable of obtaining. *See Barrett v. Otis Elevator Co.,* 431 Pa. 446, 458, 246 A.2d 668, 674 (1968). The decision below on this issue was against Yellow Cab, and the finding that claimant was totally disabled is therefore conclusive unless the referee capriciously disregarded competent evidence. *See, e.g., Don-Mark Realty Co. v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974).

In this case, the unrebutted testimony of Mr. Stevens, the owner of the employment agency, was that positions as messengers, mailroom clerks, store clerks, and self-service parking lot attendants were available to one with the claimant's qualifications. The unrebutted opinion of Dr. Groff was that claimant was capable of performing work of this nature despite the residual periodic dizziness and the occasional lapses of memory. Finally, claimant's own testimony was that he had not even attempted to secure any position other than as a cab driver. This evidence was such as one could not reasonably ignore in reaching a conclusion. As we said in *Chamberlain Corp. v. Pastellak,* 7 Pa. Commonwealth Ct. 425, 428-29, 298 A.2d 273, 275 (1973),

> [w]e think that when an employer presents evidence of available work which the medical testimony indicates the claimant should be able to perform, this is sufficient absent a showing that claimant cannot, in fact, perform the work due to his physical disability, or that he was not qualified in other respects for the employment, or even that he had applied and been rejected.

The order in this case must therefore be reversed and the case remanded for a recomputation of benefits based on a partial disability.

## ORDER

Now, this 28th day of August, 1978, the order of the Workmen's Compensation Appeal Board awarding total disability benefits to Roland Sisco is hereby reversed, and the case is remanded for a recomputation by the Board of benefits due Roland Sisco for his partial disability.