RCA Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Frank Illuzzi, Respondents.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

412

*John R. Lenahan, Jr.,* with him *Lenahan, Dempsey, Murphy & Piazza,* for petitioner.

*Harry P. O'Neill,* with him *Anthony A. Lawrence,* for respondent.

OPINION BY JUDGE MENCER, October 11, 1979:

RCA Corporation (RCA) appeals an order of the Workmen's Compensation Appeal Board (Board) denying RCA's petition to modify benefits payable to Frank Illuzzi (claimant). We affirm.

As the result of a work-related injury to his back on July 12, 1972, claimant entered into an agreement with RCA for temporary total disability benefits of $94 per week. RCA filed its petition to modify, based on the findings of Dr. Cecil Park, an orthopedic surgeon, that claimant's disability had decreased to a 20-percent temporary partial disability. After several hearings, the referee found that claimant was capable of sedentary employment, but he remained totally disabled because RCA failed to show that work was available to claimant within his limitations. Upon the Board's affirmance, RCA appealed to this Court.

In *Workmen's Compensation Appeal Board v. Pennsylvania School Boards Association,* 28 Pa. Commonwealth Ct. 618, 620-21, 369 A.2d 503, 505 (1977), we stated:

When the employer is the moving party [in a modification petition] he has the burden of showing that the disability has ended or has been reduced and that (1) work is available to the claimant and (2) claimant is capable of doing such work. *See* Parkview Hospital, Inc. v. Workmen's Compensation Appeal Board, 20 Pa. Commonwealth Ct. 567, 342 A.2d 137 (1975); Servomation Corp. v. Workmen's Compensation Appeal Board, 15 Pa. Commonwealth Ct. 199, 325 A.2d 344 (1974).

To meet this burden, RCA presented Dr. Park's testimony that claimant had sufficiently recovered from his injury to return to his former position at RCA and the testimony of a vocational specialist that three other full-time sedentary positions were available to claimant within his area of residence. In view of this and other evidence that claimant was capable of sedentary work, RCA claims the referee erred in finding that claimant was still totally disabled. We disagree.

Claimant's physician, Dr. Hood, while indicating that claimant could do sedentary work, testified that claimant was capable only of *part-time* work even under conditions that involved no lifting and allowed claimant to periodically change his position for comfort. In addition, claimant testified that he was unable to work even on a part-time basis, because of the pain in his back, when he attempted to return to his former position at RCA in January 1973. In light of this testimony and RCA's failure to show that part-time employment of a sedentary nature was available to claimant, we cannot say the referee capriciously disregarded competent evidence in finding RCA had not met its burden of showing the availability of jobs within claimant's capabilities. *See American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.

2d 1007 (1977) ; *Pennsylvania School Boards Association, supra.*

RCA also argues that, in the following finding of fact, the referee imposed an unreasonable burden of proof on the issue of job availability:

> 16. . . . .
>
> We also find as a fact that the witness presented by the employer to show availability of work presented testimony more to the effect that the claimant could apply for jobs that existed at the time, not that these jobs were, in fact, available to the claimant within his limitations.
> . . . There is also nothing in the record to show that the employer affirmatively communicated with the claimant, the availability of work, or an offer of work.

It is well settled that an employer, in meeting its burden on job availability under *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968), need not show a specific offer of employment to the claimant. *See Workmen's Compensation Appeal Board v. Universal Cyclops*, 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975); *Don-Mark Realty Co. v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974); *Matrunics v. Ruffsdale Coal Co.*, 6 Pa. Commonwealth Ct. 420, 295 A.2d 629 (1972). Further, the referee's insistence on something more than a showing that respondent could apply for certain jobs was also error, for it goes beyond mere proof of general job availability and approaches the conclusiveness of a specific job offer. We find both errors to be harmless, however, because they relate only to the first prong of RCA's burden with respect to job availability and do not affect the referee's finding that RCA did not show employment that claimant was capable of performing. *See Pennsylvania School Boards Association, supra.*

Finally, RCA asks us to promulgate a rule requiring a partially disabled claimant to submit to an interview by a vocational specialist hired by the employer.[1] RCA argues that such a rule would aid in rehabilitating disabled employees by providing the specialist the information he needs to adequately match the claimant with employment suited to his capabilities. RCA cites claimant's own refusal to meet with RCA's vocational specialist and, as a result, RCA's failure to find suitable employment for claimant within his capabilities as an example of the need for such a rule. *Cf. Workmen's Compensation Appeal Board v. Philco Ford Corp.*, 27 Pa. Commonwealth Ct. 298, 366 A.2d 620 (1976) (vocational specialist's lack of adequate information on claimant cited as one basis for referee's justified disregard of specialist's testimony on job availability).

Although Section 314 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §651, provides for compulsory medical examinations of a claimant by his employer's doctor, and Section 306(f) of the Act, 77 P.S. §531, disqualifies a claimant from certain benefits for refusing to cooperate in necessary medical treatment, we find no similar provision in the Act relating to mandatory employer-sponsored vocational interviews. While such a rule might be desirable, *see* 2 A. Larson, *Law of Workmen's Compensation* §61.20 (1976), in absence of a specific provision for it, the matter is better left to the legislature. *See Mayes v. Genesco, Inc.*, 510 S.W.2d 882 (Tenn. 1974). Accordingly, we enter the following

---

[1] We declined to decide an analogous contention in *Pennsylvania School Boards Association, supra*, because the referee had failed to make a finding that the claimant had refused rehabilitation training. Here, however, the referee specifically found that claimant had refused to be interviewed by RCA's vocational specialist.

416

ORDER

AND Now, this 11th day of October, 1979, the order of the Workmen's Compensation Appeal Board, dated June 1, 1978, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Frank Illuzzi and against RCA Corporation and its insurance carrier, Zurich Insurance Company, in the amount of $94 per week for the period beginning May 14, 1975[2] and continuing until such time as the disability changes in nature or extent or ceases and terminates, together with interest of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, Zurich Insurance Company is directed to take credit for the partial disability payments made to claimant, in the amount of $37.24 per week from May 14, 1975 until the date that said payments cease and revert to full disability payments as ordered herein.

Finally, approved attorney fees, in the amount of 20 percent of the award, are to be paid by claimant.

---

[2] Based on the referee's findings of fact, it appears that the date to begin compensation is in error. Since, however, RCA failed to raise this issue, we will not consider it.