State Products Corporation and New Hampshire Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Larry J. Austin, Respondents.

Argued June 1, 1981, before Judges MENCER, BLATT and MacPHAIL, sitting as a panel of three.

*Matthew R. Wimer, Murovich, Reale & Fossee,* for petitioners.

*John E. Quinn, Sikov and Love, P.A.,* for respondent, Larry J. Austin.

OPINION BY JUDGE MACPHAIL, August 18, 1981:

State Products Corporation (Employer) and its workmen's compensation insurance carrier appeal an order of the Workmen's Compensation Appeal Board (Board), dated June 12, 1980, that affirmed the referee's denial of Employer's petition to terminate workmen's compensation benefits to Larry J. Austin (Claimant). We affirm.

Claimant had sustained a lumbosacral sprain in a work-related automobile accident on March 3, 1978. As a result of his injury, Claimant was unable to continue working as a traveling salesman and was, therefore, totally disabled under The Pennsylvania Workmen's Compensation Act (Act).[1] He received benefits from March 3, 1978, until August 11, 1978, when Employer filed a petition for termination alleging that disability had ceased. Claimant denied the allegation.

Conflicting medical evidence was presented at the hearing, which was held October 4, 1979. Employer submitted the deposition of Eric Minde, M.D., a specialist in physical medicine and rehabilitation, who had examined Claimant on August 2, 1978, and had

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1.

found Claimant fully recovered. Dr. Minde opined Claimant's lack of agility and back discomfort after prolonged periods of sitting were due to Claimant's obesity and not to any residual effects of the March accident. Claimant testified that he still suffered from back pain and that he was unable to sit for more than 45 minutes without experiencing pain. He also testified that he was still under the care of a medical doctor and a chiropractor. Claimant further testified that, although he was able to drive an automobile for very short periods of time, he was unable to resume the constant driving required by his former occupation. Claimant stated he had tried to accompany another salesman for a day in September 1978 but because of the pain he had to be taken home after only a few hours. Claimant submitted the deposition of Howard T. Lewis, Jr., M.D., a general practitioner specializing in nutrition and the treatment of degenerative illnesses, who was currently treating and for several years had treated Claimant for obesity. Dr. Smith testified that, prior to the accident in March, Claimant had been surprisingly agile for a man his size. Dr. Smith opined Claimant's injury was the cause of the pain he experienced when he sat for prolonged periods or made certain movements. Claimant also introduced a report from Steven W. Theis, M.D., an orthopedic surgeon, who had examined Claimant on July 5, 1979, and had determined Claimant suffered from chronic lumbosacral sprain that was slow to resolve due to his obesity. The report was admitted into evidence on the stipulation that, if Dr. Theis had been deposed, he would have said Claimant was able to perform activities that do not require prolonged periods of sitting or lifting in excess of 25 pounds. Dr. Theis stated that Claimant should not drive an automobile for prolonged periods and that any occupation chosen by Claimant should not require excessive bending.

Also testifying for Employer at the hearing was a representative from Vocational Rehabilitation Services (Representative) who had interviewed Claimant for an hour two days prior to the hearing. She presented a job availability report that listed several jobs *she* felt were within Claimant's present abilities.

After considering all the evidence, the referee denied Employer's petition and held Claimant was still totally disabled. Employer appealed. The Board affirmed the referee's decision. Appeal to this Court followed.

The law is well settled. The burden is on the Employer to show that the disability has ended or has been reduced *and* that (1) work is available to Claimant *and* (2) Claimant is capable of doing such work. *Workmen's Compensation Appeal Board v. Pennsylvania School Board's Association*, 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977). When, as here, the decision below was against the party with the burden of proof, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Id.* A capricious disregard of competent evidence is defined as "a willful and deliberate disbelief of an apparently trustworthy witness whose testimony one of ordinary intelligence could not possibly challenge." *Smith v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 117, 119, 396 A.2d 905, 906 (1979). Further, unless the board takes additional evidence, the referee is the ultimate fact finder. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Questions of credibility and resolution of conflicting testimony, therefore, are for the referee, not the reviewing court. *Padilla v. Chain Bike Corp.*, 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976).

The referee's critical findings of fact are:

EIGHTH: That, in accordance with the medical testimony of Doctor Howard T. Lewis and Doctor Steven W. Theis, Claimant is presently unable to perform for the [Employer] the same type of work that he did at the time of the accident of August 2, 1978.

NINTH: That other work was not available as of the time of hearing which the Claimant is able to perform or is capable of obtaining.

TENTH: That Claimant as a result of the injuries sustained in the work-related accident of March 3, 1978, is totally disabled and has suffered a complete loss of earning power.

Employer argues that the referee erred in finding Claimant was still totally disabled. We disagree.

Initially, we have to note that in its termination petition, Employer asserted that Claimant was completely recovered and was capable of returning to work. Claimant asserted, however, that he was not fully recovered and was unable to return to his former occupation. Claimant did not assert, however, that he was still totally disabled.[2] To the contrary, he submitted evidence that he was capable of performing work within specific limitations. When, as here, there is a conflict in medical testimony, the referee, as fact finder, determines which is more credible. *Stegmaier Brewing Co. v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 241, 412 A.2d 697 (1980). After considering all the medical evidence, the referee chose to believe the evidence submitted by

_____

[2] The usual rule that evidence of available work need not be presented where there is substantial evidence to support a finding that the employee, at the time of the hearing, is still totally and permanently disabled, *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.*, 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976), is, therefore, inapplicable to the instant case.

Claimant and found that, at the time of the hearing, Claimant was still unable to resume his former occupation of a traveling salesman. This Court cannot say that the referee has capriciously disregarded competent evidence merely because he accepts some competent evidence that conflicts with other, equally competent evidence. *Workmen's Compensation Appeal Board v. Bali Bra Manufacturing Co.*, 31 Pa. Commonwealth Ct. 643, 377 A.2d 1036 (1977).

Once there is a showing that Claimant, although unable to do the type of work in which he was engaged at the time of his injury, is capable of some type of work, Employer then has the burden to prove the availability of work within Claimant's capabilities. *Yellow Cab v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1978). As we have previously noted, Employer has a two pronged burden with respect to job availability. Although Employer presented evidence of some possible employment that *might* be available to Claimant, this only satisfies the first prong of the burden. Employer must also prove that Claimant was capable of performing that work. The Representative stated she had read the depositions and report of the physicians and had considered Claimant's requirements before making her report. The jobs she selected for Claimant were: (1) inside salesman—a "back up position to an outside salesman," (2) a financial counselor trainee, (3) a bank teller, (4) a sales clerk in a sporting goods store, and (5) an attendant at a racquet ball club. In describing the requirements of each job, she offered only general statements such as, Claimant would be allowed "freedom of movement" on the job and a stool would be available for sitting if Claimant desired. All the information concerning the requirements of the jobs was obtained through telephone conversations with the prospective employers. There was

no description of such things as the total amount of time Claimant would need to be seated, the uninterrupted periods of time during which Claimant would have to remain seated, the extent to which Claimant would need to bend to perform the duties, nor, with one exception, the extent to which Claimant would be required to lift items. In short, the Representative gave a list of jobs that were available but failed to connect the jobs explicitly with Claimant's physical capabilities and limitations.

Employer also argues that the referee's finding against Employer's contention of work availability was erroneous because Claimant stated that none of the jobs appealed to him,[3] not that he was physically incapable of performing them. It is certainly true that the Claimant's personal feelings about a particular job are irrelevant in this proceeding *if* Claimant is physically capable of performing the job. Here, however, it is quite evident that the referee weighed the testimony of the Representative against that of the Claimant and his physicians and simply decided to give little or no weight to the Representative's opinion. That was the referee's prerogative. His finding then, that Employer had not met the burden of proving that work was available within Claimant's capabilities, necessarily followed. In short, there is no indication whatsoever in the referee's findings or conclusions that Claimant's personal feelings regarding alternative employment were considered, much less were the reason for the referee's findings. In light of all the evidence presented, we cannot say the referee capriciously disregarded evidence in finding Employ-

---

[3] Claimant had consulted with counselors at Bureau of Vocational Rehabilitation. Acting on the advice of the counselors, he had applied to the University of Pittsburgh for the term beginning in January 1979. At the time of the hearing, October 4, 1979, he did not know whether he had been accepted.

er did not meet his burden of proof to show work was available within Claimant's capabilities.

Under the facts of the instant case, where Employer has failed to meet his burdens to prove Claimant's disability has ended and that there is work available within Claimant's capabilities, the referee is justified in finding that Claimant remains totally disabled. *RCA Corporation v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 411, 406 A.2d 588 (1979). The finding of total disability and a complete loss of earning power flows logically from the previous two findings.[4]

Our careful review of the record convinces us that the referee did not capriciously disregard any evidence in making his findings and did not err in finding Claimant was still totally disabled within the meaning of the Act.

Order affirmed.

ORDER

AND Now, this 18th day of August, 1981, the order of the Workmen's Compensation Appeal Board, dated June 12, 1980, affirming the referee's denial of State Products Corporation's and New Hampshire Insurance Company's petition to terminate workmen's compensation benefits to Larry J. Austin is affirmed. It is hereby ordered that judgment be entered in favor of Larry J. Austin and against State Products Corporation and New Hampshire Insurance Company to pay in a lump sum compensation at the rate of $189.75 per week from August 11, 1978, until December 11, 1979, the date of the referee's award and a weekly rate of $189.75 from December 11, 1979, and continuing until such time as the disability changes in nature or

---

[4] Since Employer did not prove there was work available within Claimant's capabilities, it was unnecessary for the referee to determine the percent of partial disability.

374

extent or ceases, together with interest of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and conditions of The Pennsylvania Workmen's Compensation Act, *as amended*. In addition, State Products Corporation and New Hampshire Insurance Company are directed to pay Doctor Ronald Nikoloch the sum of $1,714.00 and to reimburse Larry J. Austin the amount of $81.59 for medications and the amount of $91.00 for the deposition and transcription costs of the deposition of Dr. Howard T. Lewis, Jr.

State Products Corporation and New Hampshire Insurance Company are further directed to pay John E. Quinn, Esquire, Counsel for Larry J. Austin, twenty percent of all compensation awarded.