Purolator Security, Inc., Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Fiore DeClerico, Jr., Respondents.

Argued June 4, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Stephen J. Harlen, Swartz, Campbell & Detweiler,* for petitioner.

*Carl M. Mazzocone,* with him *Lawrence Hannaway,* and *James Kerwick, Kates, Livesey & Mazzocone,* P.C., for respondents.

OPINION BY JUDGE MACPHAIL, August 31, 1981:

Purolator Security, Inc. (Employer) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's denial of Employer's petition to terminate the benefits of its former employee Fiore DeClerico, Jr. (Claimant).

On February 2, 1976, Claimant, employed as a truck driver, suffered neck and back injuries as a result of an on-the-job accident. By a notice of compensation payable, Claimant initially received total disability benefits. Claimant returned to his former job for a short time in 1976, but his back problems prevented him from continuing work with Employer. For approximately four months during 1977, Claimant was employed as a shipper in a tailor's shop; however, his recurring back problems caused him to leave that job. Claimant resumed receiving total disability benefits until May 11, 1978, when Employer filed a petition to terminate his benefits together with a physician's affidavit alleging that Claimant had fully recovered from his injury, as of April 24, 1978.

The referee entered a decision on January 4, 1980, finding that as of April 24, 1978, Claimant was totally

disabled and that at the date of the referee's decision he was still totally disabled. The referee concluded, therefore, that the termination petition should be dismissed. Without taking additional testimony, the Board affirmed the referee's decision.

The Employer, in its petition for review of the Board's order, raises the sole issue of whether or not the referee and Board capriciously disregarded competent evidence of the availability of work for the Claimant within the restrictions placed on him by Claimant's testifying physician, when it found that Claimant remained totally disabled.

When the employer is the moving party (as with a petition to terminate or modify benefits), he has the burden of showing either that (1) disability has ended or that (2) it has been reduced and that work is available to the claimant and the claimant is capable of doing such work. *Fashion Prints v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 250, 425 A.2d 1221 (1981).

Since Employer as the moving party here failed to sustain its burden of proof before the Board, our scope of review of the Board's decision is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Harrigan v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 390, 397 A.2d 490 (1979). Our review does enable us to address the issue raised by Employer on appeal.

To support its burden of proof, Employer first offered into evidence at the hearing held September 18, 1978, a deposition of Dr. Simon, an orthopedic surgeon. Dr. Simon had last examined Claimant on April 24, 1978, and at that time found him fully recovered and fully capable of returning to work involving light duties.

Claimant testified at that first hearing that he continued under the care of Dr. Gorham, a general surgeon, who prescribed muscle relaxors and pain pills for his back problem. He stated that he could not sit nor drive for long periods of time.

A second hearing was held on September 17, 1979, at which time Claimant introduced into evidence a deposition of Dr. Gorham taken on January 9, 1979. When deposed, Dr. Gorham testified that he had first treated Claimant on February 4, 1976, for his neck and back injuries, and that currently Claimant continued under his care for a "recurrent low back problem due to an unstable lumbrosacral mechanism" directly related to his 1976 injury.

Dr. Gorham's testimony addressed the issue of Claimant's physical limitations and his ability to return to work. At the time of deposition, Dr. Gorham expressed his belief that Claimant could not return to driving a truck for Employer, but that he could return to the job market eventually, with preparation and rehabilitation to fit him into the proper job consistent with his physical limitations. Dr. Gorham testified that Claimant could not take a job which involved lifting, bending, stooping, pulling, continued sitting or standing for any prolonged period of time. His job would have to combine short periods of sitting and standing.

Dr. Gorham further testified that at present Claimant could lift between ten and fifteen pounds, and that in any eight hour day Claimant could bend from the waist no more than a dozen times. In the doctor's opinion, Claimant could not sit for more than about thirty to forty-five minutes at one time.

Dr. Gorham responded to cross-examination by Employer, in relevant part, as follows:

Q. Doctor, do you feel that if a position was available in which he [Claimant] could stand

and sit at leisure, he would be able to work an eight hour day; keeping in mind the bending and lifting requirement?

A. Not at the present time. Eventually, yes, I hope that he would be able to get back and do something like that.

Q. You don't feel that he could work eight hours presently?

A. No.

Q. Do you think he could work four hours presently?

A. Yes, possible in the right situation.

Q. Doctor, based upon your evaluation and prognosis, could you give me an estimate of when you feel that he might be capable of returning to full-time duties?

A. Right now, somewhere between eight to twelve weeks.

. . . .

Q. Doctor, have you recommended that Mr. DeClerico attempt to find employment?

A. Not at the present time, no.

Q. Do you see yourself making that recommendation in eight to twelve weeks?

A. Yes.

On redirect, Dr. Gorham stated that his estimate of when Claimant could return to work could change (to a shorter or longer period) after seeing him at his next appointment scheduled for January 18, 1979.

The testimony of Dr. Spergel, a rehabilitation psychologist and vocational consultant, comprised Employer's evidence at that second hearing. Dr. Spergel had not interviewed or tested Claimant because, he alleges, Claimant was either reluctant to come for the evaluation or was advised not to come. Dr. Spergel's opinion was based on his review of the

depositions of Dr. Gorham and Dr. Simon and his own job availability information, and was expressed in response to Employer's hypothetical question purportedly based on all material facts.

Dr. Spergel testified that there is work available in the local labor market which Claimant is capable of performing, considering his educational and vocational background (as stated in Employer's hypothetical question) and his physical condition. Dr. Spergel stated that taking Dr. Gorham's testimony, Claimant is limited to "sedentary work." Dr. Spergel cited numerous types of jobs available, as well as specific job openings, which he classified as being within Dr. Gorham's restrictions.

A final hearing was held on October 15, 1979, to allow Claimant an opportunity to present rebuttal testimony. Claimant testified, *inter alia*, that he is still seeing Dr. Gorham, takes muscle relaxors and pain killers, and is in pain twenty-four hours a day. He stated that presently he could perform neither his former job as a truck driver nor his job as a shipper in the tailor shop. Claimant asserted that he could not handle a job as a security guard nor one as a records clerk.

Employer argues here that in finding total disability, the referee capriciously disregarded the essentially unrebutted testimony of Dr. Spergel, that jobs tailored to the restrictions placed on Claimant by his own doctor, Dr. Gorham, were available to Claimant. We disagree.

"Capricious disregard" has been defined as a "willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubts as to its truth." *Gateway Coal Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 608, 613-14, 388 A.2d 1122,

1125 (1978). Dr. Spergel's testimony is capable of being reasonably challenged. Although Dr. Spergel is competent to testify regarding work availability for Claimant in his present physical condition,[1] the fact that Dr. Spergel did not interview or test Claimant could reasonably affect the referee's view of the credibility of his testimony. *See Stillman Automotive Center, Inc. v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 247, 422 A.2d 1233 (1980).

Moreover, Dr. Spergel's testimony was reasonably disregarded in light of its incongruity with Dr. Gorham's statements and Claimant's testimony. In his deposition, Dr. Gorham was saying that although Claimant presently could lift, bend, and sit in one place for a limited extent, he could not recommend presently that Claimant seek full-time work within those restrictions. Dr. Gorham felt that in eight to twelve weeks he *might* so recommend, but that his evaluation could change after his next examination of Claimant.[2]

Dr. Gorham's indefinite assessment of when Claimant could return to full-time work does not mesh with Dr. Spergel's testimony regarding available full-time jobs for Claimant within his *current* capabilities. In other words, the medical evidence does not indicate that the Claimant can perform the work

---

[1] *See John F. Davis Co. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 291, 407 A.2d 981 (1979).

[2] Dr. Gorham did testify that Claimant presently could work four hours a day in the "right situation." However, since Dr. Spergel did not present evidence regarding availability of suitable part-time work for Claimant, we cannot say the referee capriciously disregarded competent evidence of availability of jobs within Claimant's capabilities. *See RCA Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 411, 406 A.2d 588 (1979).

that Employer's vocational expert states is available, as it did in *Yellow Cab Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1978) and *Chamberlain Corp. v. Pastellak,* 7 Pa. Commonwealth Ct. 425, 298 A.2d 273 (1973). Claimant's own testimony that he remained in constant pain, continued to take medication, and that he believed himself unable to work as a security guard or records clerk, creates further conflicts in the evidence regarding Claimant's ability to work.

By accepting Dr. Gorham's and Claimant's testimony and rejecting Dr. Simon's and Dr. Spergel's testimony (which the referee explicitly stated he did), the referee has not capriciously disregarded competent evidence. It is within the referee's province as fact-finder to accept or reject the testimony of any witness in whole or in part. *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 277, 412 A.2d 694 (1980). Rather, the referee has properly assessed the credibility and weight of the evidence and has resolved the obvious conflicts in the evidence in Claimant's favor, by finding that he remains totally disabled. Such a finding is binding on this Court since the referee has not capriciously disregarded competent evidence. *Yellow Cab Co.*

Accordingly, we affirm the Board's order dismissing Employer's termination petition.

## ORDER

AND Now, this 31st day of August, 1981, the order of the Workmen's Compensation Appeal Board, dated July 31, 1980, is affirmed. Accordingly, it is ordered that judgment be entered in favor of the Claimant, Fiore DeClerico, Jr. and against Employer, Purolator Security, Inc. and/or its insurance carrier, as follows:

Employer and/or insurance carrier is directed to pay Claimant compensation for total disability at the rate of $157.33 per week for the period beginning April 24, 1978, or from the date of the most recent payment of compensation, and continuing until such time as Claimant's disability ceases or changes in extent, in accordance with the provisions of The Pennsylvania Workmen's Compensation Act. Deferred payments of compensation shall bear interest at the rate of ten percent (10%) per annum from the due date thereof.

In addition, Employer and/or its insurance carrier is directed to pay William K. Gorham, M.D., 301 South Street, Philadelphia, Pennsylvania, the sum of $1,077.50, Knipes-Cohen Associates, Philadelphia, Pennsylvania, the sum of $42.00, and James Kerwick, Esquire, 612 Two Penn Center Plaza, Philadelphia, Pennsylvania 19102, the sum of $27.00 for costs.

Finally, The Employer and/or its insurance carrier is directed to pay to James Kerwick, Esquire, approved attorney fees, in the amount of 20 percent of the award to the date of this decision, to be deducted from the proceeds of compensation due and owing the Claimant.