Trio Beverage Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William Bergstrasser, Respondents.

18

Argued September 16, 1977, before President Judge Bowman and Judges Mencer and Blatt.

*Bart E. Ecker,* with him *Laputka, Bayless, Ecker & Cohn,* P.C., for petitioner.

*Joseph P. Olexy,* with him *James N. Diefenderfer,* for respondents.

Opinion by Judge Blatt, December 15, 1977:

William Bergstrasser (claimant) injured his back in a work-related accident on December 4, 1969 while he was employed by the Trio Beverage Company (employer). He and the employer subsequently entered into a compensation agreement for total disability, and he was paid $60.00 a week beginning December 15, 1969. Alleging that the claimant was no longer totally disabled, the employer filed a petition for termination of this agreement on February 6, 1975. The

petition was dismissed following a hearing before a referee, and this decision was affirmed by the Workmen's Compensation Appeal Board (Board). The employer has now appealed the Board's decision to this Court.

Section 427 of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §876.1, provides that this Court's scope of review in workmen's compensation appeals is that defined in Section 44 of the Administrative Agency Law,[2] 71 P.S. §1710.44. Section 44 limits our scope of review here to a determination of whether or not an error of law was committed, constitutional rights were violated, or whether or not findings of fact are unsupported by substantial evidence.

The employer here contends that the following finding of fact is not supported by the evidence:

6. In the evaluation of all the medical evidence presented to the Referee, it is the Referee's conclusion and he finds as a fact that the testimony of the Claimant's doctor is credible, consistent with established medical precedence, and, therefore, establishes beyond a reasonable doubt that the Claimant still suffers from an injury which occurred in December of 1969, and, as a result thereof is still, on the date of this hearing, totally disabled.

We, however, cannot agree with this contention of the employer in light of the testimony by the claimant himself and by his physician that he continues to be disabled. The claimant's physician stated unequivocally that he "could not conceive of any meaningful work" which the claimant could do in his present condition. The employer's medical witness, of course,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

[2] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

did testify that the claimant is capable of engaging in certain jobs which do not require lifting, stooping or carrying, but the referee resolved the conflicting testimony as he, as fact-finder, is expected to do, and he found in favor of the claimant. This Court is required by law to leave the resolution of questions of credibility to the fact-finder. *McIntosh v. Borough of Pleasant Hills*, 25 Pa. Commonwealth Ct. 311, 360 A. 2d 273 (1976).

The employer also seeks to rely upon the opinion of its industrial psychologist who testified that there are several types of jobs which the claimant could perform within his physical limitations as well as upon the testimony of an employment counselor that such jobs are available in the vicinity of the claimant's residence. When, however, a hearing is held on a petition to terminate total disability benefits and the referee concludes that the claimant is still totally disabled, no inquiry into available work alternatives need be made. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.*, 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976).

We believe that the crucial finding here that the claimant continues to be totally disabled is supported by the evidence, and we will, therefore, affirm the decision of the Board.

### ORDER

AND Now, this 15th day of December, 1977, the order of the Workmen's Compensation Appeal Board is hereby affirmed, and it is ordered that judgment be entered in favor of William Bergstrasser and against the Trio Beverage Company for compensation to be paid at the rate of $60.00 per week beginning December 15, 1969 and for an indefinite time into the future.