S & H Hot Spot and Westmoreland Casualty Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James Trainer, Respondents.

Argued September 15, 1978, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Earl T. Britt,* with him *Mary H. Cosby,* and *Duane, Morris & Heckscher,* for appellants.

*John C. Capek,* with him *Manchel, Lundy & Lessin,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, December 20, 1978:

S & H Hot Spot (employer) and its workmen's compensation insurance carrier have appealed from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of benefits to James Trainer (claimant). We affirm.

Claimant was employed as a clerk and handyman in the employer's grocery store and delicatessen. At approximately 8 p.m. on November 13, 1969, claimant discovered that the delicatessen's dumbwaiter was broken. He was instructed by his supervisor to walk to his apartment, about six blocks away, get his tools, and return the same evening to fix the dumbwaiter. Claimant left for this purpose between 8:30 and 9 p.m. At approximately 11:40 p.m., claimant was discovered badly injured and unable to move along the route from

the delicatessen to his apartment. He was taken by ambulance to a hospital where he was treated for multiple fractures and lacerations. He reported that he had been attacked and beaten by two men wielding broomsticks and that the next thing he remembered was being taken to the hospital.

Claimant subsequently filed a claim for workmen's compensation contending that he had received his injuries in the course of his employment. Before a referee, claimant testified that he had never deviated from the route to his home and that he had been attacked shortly after leaving the delicatessen. The employer introduced evidence suggesting that, upon leaving the delicatessen, claimant immediately went to an adjoining bar and that he was not attacked until he left the bar intoxicated at about 11:30.

The referee resolved this dispute by making the following finding of fact: "Claimant did not take himself out of the course of his employment, *nor did he deviate from a direct route from the place of his employment to the intended destination,* despite the seeming conflict as to the time element involved." (Emphasis added.) Although the referee's finding that claimant did not remove himself from the course of his employment is in reality a conclusion of law, the finding that claimant did not deviate from his route is a clear rejection of the employer's factual contention that claimant went to a bar. It is the employer's contention that this finding is not supported by substantial evidence.

We must reject this contention. The claimant himself testified that he did not go to a bar and that he was attacked only minutes after leaving the delicatessen. This testimony, if believed, supports the referee's finding and is such evidence as a reasonable man might accept as adequate to support a conclusion. *See, e.g.,*

*Kunigonis v. H. P. Foley, Inc.,* 28 Pa. Commonwealth Ct. 73, 78, 367 A.2d 763, 766 (1977); *Workmen's Compensation Appeal Board v. Thomas V. Ferrick, Inc.,* 23 Pa. Commonwealth Ct. 591, 594, 353 A.2d 490, 492 (1976); *Workmen's Compensation Appeal Board v. Czepurnyj,* 20 Pa. Commonwealth Ct. 305, 308-10, 340 A.2d 915, 917-18 (1975). Although the employer's evidence cast doubt upon the claimant's credibility, matters of credibility are for the referee, not for this Court. *See, e.g., Trio Beverage Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 17, 380 A.2d 517 (1977).

The referee's findings, which are supported by substantial evidence, support the conclusion that claimant was injured in the course of his employment and benefits were properly awarded. *See Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975).

## ORDER

AND Now, this 20th day of December, 1978, the order of the Workmen's Compensation Appeal Board, dated August 18, 1977, is hereby affirmed. Accordingly, it is hereby ordered that judgment be entered in favor of James Trainer and against S & H Hot Spot and Westmoreland Casualty Company, in the amount of $60 per week, from November 13, 1969 through July 12, 1971, and $41.67 per week from July 13, 1971 and continuing to such time as disability changes in nature or extent or ceases and terminates, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

S & H Hot Spot and Westmoreland Casualty Company are further directed to pay to the University of Pennsylvania Hospital the sum of $3,007.68 for care and treatment rendered to James Trainer.

Deferred installments of compensation shall bear interest at the rate of 6 percent per annum from the date due until the date paid.