Juan Lopez, Petitioner *v.* Interstate Container Corp., Respondent.

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Leon Ehrlich, Ehrlich & Ehrlich,* for petitioner.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 7, 1980:

This is an appeal from an order of the Workmen's Compensation Appeal Board affirming a referee's decision to modify the Workmen's Compensation award of Juan Lopez (claimant) from benefits for total disability to partial.

The claimant sustained a back injury on October 2, 1974, in the course of his employment as a "bundler" with the Interstate Container Corporation (employer). His claim for compensation benefits resulted in an award for total disability at the rate of $106 per week commencing from the date of the injury.

On January 13, 1977, the employer filed a petition for modification and request for supersedeas alleging that as of September 3, 1976, the claimant's disability had decreased to 20% partial disability. Following a supersedeas hearing the referee ordered a decrease in benefits to a rate for partial disability, effective February 16, 1977, pending final determination of the modification petition. A series of hearings on the petition followed.

In support of the petition, the employer presented the testimony of Dr. E. James Morrissey, Jr., an orthopedic surgeon who had first seen the claimant in a hospital emergency room on the date of the injury. The physician's treatment of the injury included the performance of a laminectomy in December of 1974 and two myelograms, one in 1974 and one in 1976. The doctor testified that it was his opinion that the claimant could perform light work and that his disability

had decreased to 20% as of April, 1976. It was his opinion that the claimant's partial disability prevented him from lifting more than 30 pounds or getting into an extreme position; that the claimant should have the freedom to sit or stand as he requires, but should not stand more than 2 hours at a time or drive more than 45 minutes.

The employer also introduced the testimony of a vocational rehabilitation specialist who had interviewed the claimant in April of 1976 and thereafter began to search for available positions. The specialist initially testified that he found nine positions in the local job market that he believed were compatible with the claimant's physical limitations as well as his educational background and vocational experience. Following testimony by Dr. Morrissey, the specialist revised his opinion and concluded that there were seven available positions that the claimant could perform within the restrictions imposed by the physician.

The referee found that the employer proved available positions within the claimant's restrictions. These positions included that of a security guard at the Pinkerton Detective Agency, available as of July 19, 1976; a guard at the Burns Security System; a cashier attendant position at a Gulf Oil gas station, both of which were available as of February 16, 1977; and a cashier for a Mobil self-service station, available as of January, 1978. The referee concluded that the claimant was entitled to compensation for partial disability; and that work was available within his restrictions and limitations as of July 19, 1976, and as of January, 1978. The Board affirmed.

The claimant contends that the employer's vocational rehabilitation specialist cannot qualify as an expert witness; that the witness's testimony was not "worthy of credence," and that the referee's reliance on the testimony was error.

We emphasize at the outset that questions of credibility of witnesses and weight of evidence are for the referee to determine, not the reviewing court. *S & H Hot Spot v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 357, 395 A.2d 643 (1978). This includes the credibility of testimony by employment or vocational experts. The Commonwealth Court will not determine the weight of testimony even if, on the same record, it might have reached different results. *American Chain and Cable Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 574, 391 A.2d 50 (1978). In this case, the record indicates that the witness in question was a counselor with the Vocational Rehabilitation Services, a private organization of vocational consultants that assists persons who have suffered industrial injuries to find employment. After interviewing the claimant, the counselor arranged job interviews for the claimant and, on at least one occasion, personally accompanied the claimant to an interview. The referee's reliance on the testimony of the specialist was clearly within his prerogative and will not be disturbed by this Court.

The claimant further contends that two of the positions which the vocational specialist represented to be "available" were, in fact, not available to the claimant, since representatives from those companies testified specifically that they would not hire the claimant. A review of the record indicates that the claimant was not hired for the position as security guard at the Pinkerton Agency, because at the interview the claimant had stated that he could not fill out the job application in English. A representative from the Pagerly Detective and Security Agency testified that he would not hire persons with the claimant's physical restrictions because it was his belief that such persons are not capable of performing the work. We note that the referee did not include the Pagerly job as

one of the available positions within the claimant's limitations. As for the Pinkerton position, the record shows that the hiring authority was aware of the claimant's physical limitations and was willing to hire the claimant prior to the interview, when the claimant said that he could not fill out the application.

In order to be considered "available", a position must in fact be within the claimant's reach. *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977). However, the employer need not show existence of an actual offer of employment, *Jessop Steel Co. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 186, 309 A.2d 86 (1973). The employer discharges its burden of proof by establishing the availability of positions which the claimant is capable of obtaining. *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968). It is reasonable to assume that but for the instant claimant's alleged inability to fill out the job application in English, he would have been considered for the Pinkerton position. Put another way, the position was within the claimant's reach with regard to his physical limitations. The claimant contends, however, that because he is unable to read, write or understand English, he would be rejected for the other positions as well. Based on the undisputed fact that the claimant has resided in this country for a period of twenty years, and on the basis of testimony by the claimant's former supervisors, the referee found that the claimant has sufficient command of the English language to perform the available positions established by the employer. We believe the evidence supports that finding. Therefore, this is not a case in which the availability of employment to the claimant is affected by reasons other than the physical limitations.

We emphasize, moreover, that there is no indication in the record that the claimant was in fact rejected for

any of the remaining positions. The employee presented no evidence to rebut the testimony regarding the availability of those positions. This Court has previously held that testimony by a vocational rehabilitation specialist that suitable jobs existed for the claimant, specifying the number of positions, as well as the companies willing to hire disabled persons is sufficient to establish the availability of work. *Dreher v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 473, 393 A.2d 1081 (1978). Such was the scope of testimony by the specialist in the instant case. For the reasons stated, it cannot be said that the determination by the referee is not supported by the substantial competent evidence of record.

### Order

And Now, the 7th day of November, 1980, the order of the Workmen's Compensation Appeal Board, dated July 5, 1979, is affirmed.

It is ordered that judgment be entered in favor of Interstate Container Corporation, directing that compensation payments pursuant to Notice of Compensation Payable No. 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 dated January 28, 1975, wherein Juan Lopez is the injured employee, Interstate Container Corporation is the employer, and Argonaut Insurance Company is the insurance carrier, be modified and decreased from the rate of One Hundred Six Dollars ($106.00) per week for total disability to the rate of Fifty-eight and 46/100 Dollars ($58.46) per week for partial disability beginning July 19, 1976, and continuing thereafter to and including December 31, 1977. Thereafter, compensation payments shall be decreased to the sum of Forty-nine and 13/100 Dollars ($49.13) per week for partial disability beginning January 1, 1978, and continuing thereafter until such time as claimant's disability terminates or changes in nature and extent, but not to exceed five hundred (500) weeks from July 19, 1976, at which time claimant's en-

478

titlement to compensation shall terminate in accordance with the provisions of the Workmen's Compensation Act.

Defendant shall take credit for over-payments of compensation from July 19, 1976, in accordance with Section 406.1 of the Act, 77 P.S. §717.1.

Deferred payments of compensation shall bear interest at the rate of 10 per cent per annum.

Defendant shall provide payment for the reasonable cost of witness expense in the amount of $150.00, in accordance with Section 440 of the Act, 77 P.S. §996.

Claimant shall pay to his attorney, Leon Ehrlich, the sum of $750.00 in counsel fees.