Littlestown Hardware & Foundry Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James N. Barnett, Respondents.

Argued February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*John W. Phillips, Pyle and Phillips,* for petitioner.

*Robert O. Beers, Ports, Beers, Feldmann & Malone,* for respondent, James N. Barnett.

OPINION BY JUDGE MENCER, April 27, 1981:

Littlestown Hardware & Foundry Co., Inc. (employer) has appealed from a decision of the Workmen's Compensation Appeal Board (Board) which upheld an award of total disability benefits to James N. Barnett (claimant). We affirm.

The claimant worked in the employer's foundry from July 27, 1976 until he was injured on April 26, 1977. He was initially hired to fill the position of "grinder." His job involved lifting small metal castings from a conveyor belt, grinding off excess metal, and then tossing the castings into bins. Several weeks before he was injured, the claimant was given extra duties as a "weight shifter," which required lifting heavy molds and weights from the floor of the foundry and moving them about. He normally worked as a grinder in the morning and shifted weights in the afternoon. On April 26, 1977, while shifting weights, the claimant injured his back. After receiving medical treatment, he was told by Dr.

Thomas Howard that he could return to light work as of August 1, 1977, so long as he did not engage in prolonged heavy lifting and bending.

The employer asserts that light work was offered to the claimant but that the claimant refused the offer. Therefore, the employer argues, the claimant became ineligible for total disability benefits. *See Lopez v. Interstate Container Corp.*, 54 Pa. Commonwealth Ct. 472, 421 A.2d 1248 (1980).

The only evidence in the record which could arguably justify a finding that light work was available to the claimant is contained in the following testimony:

> BY THE REFEREE:
>
> Q. Did you ever get any kind of notice from this Littlestown Hardware & Foundry that you were laid off?
>
> A. According to that first paper I got, I'm not laid off.
>
> Q. They didn't tell you that you were laid off?
>
> A. I ain't never been told I was laid off. I seen Ronnie Rieman when I got my vacation check, and I said have I still got a job and he said yes, whenever you're able to come back.

It is the employer's position that this exchange constituted competent evidence of the availability of light work which the referee capriciously disregarded when he found that the claimant's total disability persisted after August 1, 1977. We disagree.

The testimony elicited by the referee concerning light work was at best ambiguous. It could be interpreted as meaning that the employer told the claimant that he could return to his old poosition as a grinder. A grinder's job might well fit the light work restrictions imposed by Dr. Howard. If so, the evidence might have required a finding in favor of

the employer. *Don-Mark Realty Co. v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974).

On the other hand, the evidence could just as easily be interpreted as meaning that the employer told the claimant that he could return to his old position as a grinder *and* weight shifter, in which case the job requirements clearly exceeded the restrictions imposed by Dr. Howard.[1] The referee elected to adopt this second interpretation of the claimant's testimony, and we cannot hold that he capriciously disregarded competent evidence in doing so.[2] ''[W]here the evidence presented is subject to several inferences, the inference to be adopted is for the [factfinder].'' *Kline v. Kiehl,* 157 Pa. Superior Ct. 392, 397, 43 A.2d 616, 618 (1945). *See also Redwood Enterprises v. Darabant,* 7 Pa. Commonwealth Ct. 421, 298 A.2d 675 (1973).[3]

Therefore, we will enter the following

ORDER

AND Now, this 27th day of April, 1981, the order of the Workmen's Compensation Appeal Board, dated March 6, 1980, which upheld an award of disability benefits to James N. Barnett, is hereby affirmed.

Judge WILKINSON, JR., did not participate in the decision in this case.

---

[1] The employer produced no evidence concerning the availability of light work, even though it had the burden of proof on the issue. *Petrone v. Moffat Coal Co.,* 427 Pa. 5, 233 A.2d 891 (1967).

[2] "To constitute a capricious disregard there must be a wilful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result." *DiCamillo v. City of Philadelphia,* 16 Pa. Commonwealth Ct. 402, 403-04, 328 A.2d 223, 224 (1974).

[3] Prior to 1972, the Board acted as primary factfinder in workmen's compensation cases. That responsibility was shifted to the referee by the Act of February 8, 1972, P.L. 25. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).