508 A.2d 1335

Labhshanker S. Dave, Petitioner *v.* Workmen's Compensation Appeal Board (Raybestos Manhattan, Inc.), Respondents.

Submitted on briefs November 25, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Labhshanker S. Dave*, petitioner, for himself.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.*, for respondents.

OPINION BY JUDGE PALLADINO, May 15, 1986:

Labhshanker S. Dave (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision setting aside a final receipt and suspending benefits, but amended the referee's order by reinstating the compensation to allow partial disability payments.

The referee made the following findings of fact. On December 15, 1975, Claimant sustained a low back injury while employed by Raybestos Manhattan, Inc.

(Employer). As a result of the injury, Claimant received total disability benefits from the date of the injury until September 9, 1979. Claimant returned to work for Employer in a light duty capacity on September 10, 1979. Claimant signed a final receipt on September 18, 1979. Claimant worked until October 12, 1979, at which time he was laid off due to economic conditions at the plant. On August 17, 1981, Claimant was recalled to work. Claimant again worked until he was laid off on April 9, 1982, and has not worked since.

Claimant petitioned to set aside the final receipt based on the medical reports of Dr. Daniel Good. The reports stated that Claimant's injury had resulted in partial disability which had not changed in severity since January 1979. The referee set aside the final receipt finding that Claimant's injury still existed at the time he signed the final receipt. The referee, however, found that employment was available to Claimant from November 1, 1979 to August 16, 1981, and after April 9, 1982 and, therefore, suspended his benefits as of September 10, 1979. The Board affirmed the order in part but amended the award to grant Claimant total disability benefits from October 13, 1979 to November 1, 1979 and partial disability benefits from November 1, 1979 to August 16, 1981. The Board suspended benefits from August 17, 1981 to April 8, 1982 and awarded partial disability benefits thereafter. Claimant appeals from the Board's order.[1]

---

[1] The Claimant, proceeding pro se, attached to his petition for review medical reports from Dr. Good dated January 11, 1984, May 3, 1984 and May 25, 1984. These reports were not submitted in evidence to the referee or the Board. This Court cannot review any matters which were not made part of the record in proceedings below. *Grubbs v. Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 464, 481 A.2d 1390 (1984). Accordingly, the medical reports will not be considered in reviewing the record in the instant case.

When petitioning to set aside a final receipt, Claimant must prove by sufficient credible competent evidence that all disability had not terminated at the time he signed the final receipt. *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.)*, 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984). Here, Dr. Good's report provides substantial evidence to support the referee's finding that Claimant's injury had not terminated at the time he signed the final receipt.

Because Claimant carried his burden of proof, the original compensation agreement between Claimant and Employer is automatically revived. *Altemose Co. (Sheraton) v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 511, 516, 432 A.2d 267, 270 (1981). "The issue then becomes the extent of the Claimant's disability, and the burden of showing that such has been reduced from that payable under the compensation agreement is upon the [Employer]..." *Maciupa v. Union Switch and Signal*, 13 Pa. Commonwealth Ct. 126, 129-30, 317 A.2d 901, 903 (1974). The employer must show that work was available within the capabilities of a claimant. *Altemose Co.*, 60 Pa. Commonwealth Ct. at 516-17, 432 A.2d at 270.

This Court recently addressed the burden of proof required to show that work is actually available to a claimant in *Backowski v. Workmen's Compensation Appeal Board (E.W. Tire Co.)*, 93 Pa. Commonwealth Ct. 339, 346, 503 A.2d 58, 61 (1985), quoting *Kachinski v. Workmen's Compensation Appeal Board*, 91 Pa. Commonwealth Ct. 543, 545-546, 498 A.2d 36, 38-39 (1985):

The work proposed for a partially disabled claimant must be *actually* available, that is, in fact within his reach, and it must be brought to his notice by the employer. A position may be

found to be actually available, or within the claimant's reach, only if it can be performed by the claimant, having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other relevant considerations, such as his place of residence. The employer does not have to produce a job offer, *Don-Mark Realty Co. v. Milovec,* 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974), but positions which are pie-in-the-sky, often described by vocational experts as sedentary or light or requiring little lifting, do not without additional description of their physical demands, establish actual availability of work which a claimant with particular physical limitations can do.

In the instant case, the referee accepted the testimony of a vocational expert and found that between November 1, 1979, and August 16, 1981 there were other full-time jobs available to Claimant which he was capable of performing. The vocational expert interviewed Claimant on March 15, 1980, and determined that he could perform work as an assembler, packer, operator of simple machines, and clerk. The expert listed a number of employers who would have such jobs available at and prior to the time he interviewed Claimant.

In *Backowski,* we stated that a *"post hoc* revelation of allegedly available employment ... has no evidentiary competence to establish the availability of job opportunities on which the right of compensation can be vitiated." *Backowski,* 93 Pa. Commonwealth Ct. at 347, 503 A.2d at 61-62 (emphasis in original). Between November 1, 1979 and August 16, 1981, no job opportunities had been revealed or made available to Claimant, and, in turn, Claimant did not refuse any job op-

portunities. *See id.* Therefore, the record lacks substantial evidence to support the referee's finding that employment was available to the Claimant between November 1, 1979 and August 16, 1981, and we reverse that part of the Board's order awarding Claimant partial disability benefits for that period of time.

While Employer did not carry his burden of proving that employment was available between November 1, 1979 and August 16, 1981, Employer did carry his burden of establishing available employment as of April 9, 1982. The referee found, and the record supports, that a full-time light duty position that Claimant was capable of performing was available within his geographical area at Lawrence Family Leather Products. Employer made the position known to Claimant and the vocational expert even escorted him to the interview. Employer need not establish proof of a job offer, it need only show that a position was available that Claimant was capable of obtaining. *Lopez v. Interstate Container Corp.,* 54 Pa. Commonwealth Ct. 472, 421 A.2d at 1248 (1980). Here, the availability of the position at Lawrence Family Leather Products supports the conclusion that Employer carried its burden.

Accordingly, we affirm the Board's order in part, but reverse the Board's order with respect to the award for partial disability from November 1, 1979 to August 16, 1981, and remand the case to the Board for computation of total disability benefits for this period.

## ORDER

AND NOW, May 15, 1986, the order of the Workmen's Compensation Appeal Board, at No. A-85931, is affirmed in part, and reversed in part. This case is remanded for proceedings consistent with this opinion. Jurisdiction relinquished.